# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1445

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Isidro Gonzalez-Ramirez, | * | |
| also known as Chongo, | * | |
| | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   October 22, 2003

Filed:   December 1, 2003

_____

Before LOKEN, Chief Judge, and HEANEY, and MORRIS SHEPPARD ARNOLD,
       Circuit Judges.

_____

HEANEY, Circuit Judge.

Isidro Gonzalez-Ramirez pled guilty to conspiring to distribute 50 grams or more of methamphetamine mixture within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 860(a). Prior to sentencing, Gonzalez-Ramirez filed a Motion to Commit under 18 U.S.C. § 4244(a)

and 4244(b).  The magistrate judge[1] denied the motion.  At sentencing, Gonzalez-Ramirez moved for a downward departure on the basis of diminished capacity pursuant to United States Sentencing Guideline (USSG) § 5K2.13.  The district court[2] denied the motion and sentenced Gonzalez-Ramirez to 188 months.  Gonzalez-Ramirez appeals the denial of both motions.  For the reasons below, we affirm.

## BACKGROUND

From November, 19, 1999, until December 1, 1999, Gonzalez-Ramirez was treated at Yakima Valley Memorial Hospital in Yakima, Washington for major depression with psychotic features.  Medical records reflect that Gonzalez-Ramirez was hallucinating, hearing voices, and thinking about hurting himself.  In December 2000, Gonzalez-Ramirez was involuntarily committed to the South Dakota Human Services Center in Yankton, South Dakota.  He was described as being agitated, irritated, not sleeping, pacing, kicking the walls, throwing food, and threatening to kill himself.  He was discharged after being diagnosed with bipolar disorder and ordered to take three prescription medications a day.

On October 31, 2002, Gonzalez-Ramirez pled guilty to conspiring to distribute methamphetamine.  Gonzalez-Ramirez's trial attorney did not know he had been diagnosed with bipolar disorder until the trial attorney read the Presentence Report.  Upon learning of the diagnosis, and prior to the sentencing hearing, the trial attorney filed a Motion to Commit under 18 U.S.C. § 4244(a) and 4244(b).  The motion requested an examination of Gonzalez-Ramirez to determine his mental capacity in preparation for filing a motion for downward departure pursuant to USSG § 5K2.13.

---

[1] The Honorable Paul A. Zoss, United States Magistrate Judge for the Northern District of Iowa.

[2] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

The magistrate judge denied the Motion to Commit and the district court subsequently denied the motion for downward departure.

## ANALYSIS

Gonzalez-Ramirez first appeals the magistrate judge's order denying his Motion to Commit. The government argues that pursuant to Federal Rule of Civil Procedure 72(a), Gonzalez-Ramirez waived his right to appeal the magistrate's order because he did not object to the order before the district court. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (holding that Rule 72(a) requires that a district court review a magistrate judge's nondispositive order before the matter can be considered on appeal); United States v. Haley, 541 F.2d 678, 678 (8th Cir. 1974) (stating that the appellate court "is without jurisdiction to hear appeals made directly from the decisions of United States Magistrates"). In addition, the government argues that Gonzalez-Ramirez failed to file his motion within ten days of being found guilty as required by the statute. Gonzalez-Ramirez was found guilty on November 18, 2002; the Presentence Report was disclosed on December 23, 2002; and the § 4244(a) motion was filed on January 21, 2003.

We have concerns that Gonzalez-Ramirez's inaction at the district court has resulted in a waiver of his right to appeal the magistrate's order. Assuming arguendo that we can reach the merits, Gonzalez-Ramirez's claim still fails. Section 4244(a) requires that a Motion to Commit be supported by "substantial information" giving the court "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect." 18 U.S.C. § 4244(a). The transcript of the plea hearing demonstrates that the magistrate judge went to adequate lengths to question Gonzalez-Ramirez about his current state of mind and mental health, and made assurances that Gonzalez-Ramirez understood the proceedings and the import of his guilty plea. In addition, Gonzalez-Ramirez appeared before the magistrate judge several times, giving the magistrate judge the opportunity to observe Gonzalez-

Ramirez and assess his mental state. It is true that neither the trial attorney nor the magistrate judge knew that Gonzalez-Ramirez had been diagnosed with bipolar disorder at the time of the plea hearing, but the medical records of the diagnosis were attached to the § 4244(a) motion, giving the magistrate judge the opportunity to consider this information before denying the motion. Based on the magistrate judge's well-informed decision, we find no error in the denial of the § 4244(a) motion.

Gonzalez-Ramirez next appeals the district court's denial of his motion for a downward departure. Downward departures are left to the discretion of the district court and, as long as the district court recognizes its authority to depart, are virtually unreviewable on appeal. United States v. Wolf, 270 F.3d 1188, 1192 (8th Cir. 2001). Here, the district court specifically acknowledged its authority to depart, but denied the motion based on Gonzalez-Ramirez's failure to substantiate his claim of diminished capacity. There is also no evidence to suggest that the district court had an unconstitutional motive in denying the motion. United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997). Thus, we affirm the district court's discretionary denial of the § 5K2.13 motion.

## CONCLUSION

We find no error in the denial of Gonzalez-Ramirez's motions pursuant to § 4244(a) and 4244(b), or § 5K2.13. Based on Gonzalez-Ramirez's history of mental health issues, however, we fully support the district court's sentencing order that Gonzalez-Ramirez be designated to a medical facility for the purpose of receiving a mental health evaluation. If such evaluation determines that Gonzalez-Ramirez requires treatment for a mental disease, the Bureau of Prisons should designate Gonzalez-Ramirez to a suitable facility for care or treatment.

_____