# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2485

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jeffrey D. Lachowski, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: December 17, 2004
Filed: April 29, 2005

———————

Before WOLLMAN, MAGILL, and COLLOTON, Circuit Judges.

———————

MAGILL, Circuit Judge.

Jeffrey Lachowski appeals the district court's imposition of a restitution order as part of his sentence for possession with intent to distribute methamphetamine. The district court ordered Lachowski to pay $2,250.75 in restitution (jointly and severally with another person) to the Drug Enforcement Agency (DEA) for costs incurred cleaning up toxic chemicals associated with methamphetamine production found on the premises where Lachowski lived. Lachowski contends that there was no statutory basis for the restitution order and that there was insufficient evidence to prove the amount of restitution. We reverse and vacate the restitution order.

I.

On March 26, 2004, Lachowski entered a plea of guilty to a charge of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841. According to the presentence report (PSR), a search of Lachowski's residence uncovered 66 grams of methamphetamine along with various drug paraphernalia and ingredients used to manufacture and sell methamphetamine. The PSR also states that Lachowski told Craig Dorn, who was convicted of conspiracy to distribute methamphetamine in a related case, that he had been making methamphetamine. Lachowski did not object to any of the sections of the PSR that implicated him in the manufacture of methamphetamine.

The DEA cleaned up toxic materials in Lachowski's residence associated with the manufacture of methamphetamine and sought $2,250.75 in restitution. The PSR suggested ordering restitution, but making Garth Ruh, who lived in the same residence as Lachowski, jointly and severally liable. Lachowski objected, contending that there was not sufficient information to impose the amount of restitution sought. In response, the DEA submitted the invoice of the private contractor that performed the cleanup and an affidavit by a DEA special agent that arranges for private contractors to dispose of toxic waste from drug labs. At the sentencing hearing, Lachowski renewed his objection. He argued that the evidence submitted by the DEA was insufficient to show the "need for the clean up, what was cleaned up, and whether the charges for the clean up were fair and reasonable." Br. of Appellant at 10-11. The district court found the affidavit and invoice to be sufficient and ordered $2,250.75 in restitution to the DEA.

II.

On appeal, Lachowski raises two issues. First, he argues that the district court lacked statutory authority to impose restitution. Second, he argues that the evidence submitted was insufficient to support the restitution order.

"Federal courts cannot order restitution in a criminal case without a statutory basis." United States v. Pawlinski, 374 F.3d 536, 540 (7th Cir. 2004). Although the parties have argued that the district court ordered restitution to the DEA as a term of supervised release, we do not agree. See 18 U.S.C. § 3583(d) (allowing for discretionary imposition of restitution as a term of supervised release). Rather, after a close review of the record, we believe that the district court followed the suggestion of the PSR and imposed restitution pursuant to 21 U.S.C. § 853(q). Section 853(q) authorizes the imposition of restitution for the clean-up costs of drug labs when the defendant has been "convicted of an offense . . . involving the manufacture of amphetamine or methamphetamine."

Lachowski failed to object at trial to the statutory authority to impose a restitution order, and his claim is therefore reviewed for plain error. United States v. Piggie, 303 F.3d 923, 928 (8th Cir. 2002). The imposition of restitution without a statutory basis can constitute plain error. United States v. Ramirez, 196 F.3d 895, 899 (8th Cir. 1999) (citing United States v. Trigg, 119 F.3d 493, 501 & n.7 (7th Cir. 1997), and United States v. Obasohan, 73 F.3d 309, 311 (11th Cir. 1996)) ("[A]n order to pay restitution beyond that authorized by the statute is a plain error of law."). For an error to have been plain, it must have been "clear" or "obvious" under current law. See United States v. Olano, 507 U.S. 725, 734 (1993).

We have found no pertinent authority concerning the scope of § 853(q). Usually, for an error to be plain, it must be in contravention of either Supreme Court or controlling circuit precedent. The lack of such precedent, however, does not prevent a finding of plain error if the error was, in fact, clear or obvious based on the materials available to the district court. See United States v. Ruiz-Gea, 340 F.3d 1181, 1187 (10th Cir. 2003) (finding that a district court's ruling that is "clearly erroneous" constitutes plain error if there was no precedent).

In the absence of controlling precedent of either this court or the Supreme Court, the district court is granted more discretion under the plain error standard

simply because the less guidance there is, the smaller the realm of decisions that would be clearly or obviously wrong under current law. There is ultimately, however, a limit to what the district court can do, even under plain error review, and, for example, in the statutory construction context, it is possible that the construction of the statute proffered by the district court departs so far from the text that it is clearly incorrect as a matter of law. We must therefore determine if there was error and, if so, whether it was plain.

Our analysis of the statute must start, as always, with the plain text. In re Hen House Interstate, Inc., 177 F.3d 719, 722 (8th Cir. 1999). By its text, § 853(q) applies only when the defendant has been convicted of an offense "involving" the manufacture of methamphetamine.[1] The term "involving" appears to expand the scope of the statute beyond convictions for the manufacture of methamphetamine into related areas. See United States v. King, 325 F.3d 110, 113 (2d Cir. 2003). Thus, as with most statutes, there is a gray area in which arguments can be made regarding the applicability of the statute. But we need not determine the actual scope of the statute. Rather, we only need to determine whether it was clear or obvious that possession with intent to distribute was not covered by the statute.

"Involving" is defined as "includ[ing] as a necessary circumstance, condition, or consequence." Random House Webster's Unabridged Dictionary 1005 (2d ed. 1997). Possession with intent to distribute and manufacture are distinct crimes and are listed separately in the federal criminal code. See, e.g., 21 U.S.C. § 841(a)(1) (making it unlawful to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"). It strikes us as clear that possession of an item does not include as a necessary circumstance being

---

[1]Because § 853(q) is limited to situations where the offense the defendant was convicted of "involves" the manufacture of methamphetamine, we look only to what Lachowski was convicted of, not whether the district court could reasonably conclude that Lachowski had manufactured methamphetamine.

associated in any way with its manufacture. Furthermore, distribution is essentially the deliverance of a product to its intended recipients. See Random House Webster's Unabridged Dictionary, supra, at 572. Again, this does not require the person distributing the good to have any connection with its manufacture. Thus, the offense of possession with intent to distribute does not, in any way, include as a necessary circumstance that the person possessing or distributing the drugs had any connection whatsoever with the manufacture of those drugs. Based purely on the plain language of the statute, it is clear that it does not authorize restitution for possession with intent to distribute. Normally, our inquiry would end here as we find that the plain language does not support restitution in this case. See, e.g., United States v. S.A., 129 F.3d 995, 998 (8th Cir. 1997). However, because we are reviewing for plain error, we will continue our inquiry to ensure that other methods of statutory construction do not suggest an alternative outcome.

An examination of other federal drug statutes confirms our understanding of the statute. See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988) (noting that a provision that is ambiguous in isolation is "often clarified" by the rest of the statutory scheme). There are a myriad of different federal drug offenses beyond the actual manufacture of a controlled substance, including, for example, the unlawful possession of a listed chemical with intent to manufacture a controlled substance, as well as the criminalization of conspiracy or attempt to manufacture a controlled substance. On some level, any drug crime "involves" the manufacture of the drug, because if the drug was not manufactured it could not be later possessed. But we believe that such a reading of "involving" goes too far. When the Second Circuit commented while construing 18 U.S.C. § 924(e)(2) that "[t]he word 'involving' has expansive connotations," it was interpreting a statute that referenced offenses "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." King, 325 F.3d at 113. The inclusion of both manufacturing and possession with intent to distribute in a statute that includes the term "involves" further suggests to us that possession with intent to distribute does not "involve" manufacturing.

It strikes us as quite illogical that Congress would have used the term "involving the manufacture" of methamphetamine if it intended to authorize restitution to the United States for any drug crime. An examination of other restitution schemes involving drug offenses confirms that Congress knows how to create an expansive restitution program. Under 18 U.S.C. § 3663(a)(1)(A), a district court is authorized to order restitution to the victim of most drug offenses if certain conditions are met. Section 3663(c)(1) allows for the imposition of restitution when there is no identifiable victim. Had Congress intended to allow restitution to the United States for drug lab cleanup when the defendant had been convicted of possession with intent to distribute, it could have simply referenced 21 U.S.C. § 841, which contains the prohibition on both possession with intent to distribute and manufacturing. Congress did not do so, but rather limited restitution to offenses "involving" the manufacture of methamphetamine.

In light of the foregoing statutory analysis, we are persuaded that the district court's conclusion that restitution is authorized by § 853(q) for possession with intent to distribute is clearly and obviously incorrect. We therefore find that the restitution order in this case constitutes plain error.

III.

We therefore REVERSE the judgment of the district court and VACATE the restitution order.

_____

-6-