# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1966

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Arkansas. |
| Donny Ray Gramling, | * |
| | * |
| Defendant - Appellant. | * |

———————

Submitted: November 16, 2004
Filed: August 8, 2005

———————

Before RILEY,  JOHN R. GIBSON, and GRUENDER, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Donny Gramling appeals the restitution order and sentence that the district court[1] imposed after he pled guilty to conspiracy to attempt to manufacture methamphetamine in violation of 18 U.S.C. § 371 and use of a communications facility in commission of a felony in violation of 21 U.S.C. § 843(b).  Gramling contends that the district court erred in ordering restitution under 21 U.S.C. § 853(q), enhancing his sentence for illegal storage of anhydrous ammonia, and running his sentences consecutively rather than concurrently.  He also asks us to allow

———————

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

supplemental briefing in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) and <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005). We affirm the district court's restitution order and sentence, with a slight modification, and deny the motion to supplement briefing.

In July 2003, Gramling was tried before a jury on charges of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). The jury deadlocked, and the court declared a mistrial. Gramling later pled guilty to a two-count superseding information. Count One charged Gramling with conspiracy to attempt to manufacture fifty grams or more of methamphetamine from about 1998 through January 16, 2002, in violation of 18 U.S.C. § 371. Count Two charged Gramling with using a communication facility in the commission of the underlying drug offense on January 16, 2002, in violation of Title 21 U.S.C. § 843(b).

At the sentencing hearing, the government offered testimony from Gramling's July 2003 trial. At that trial, the government's confidential informant testified that Gramling sold anhydrous ammonia to people by the quart for either $250 or four grams of methamphetamine. At his July 2003 trial, Gramling testified that he sold anhydrous ammonia for $250 per quart and that the largest quantity he ever sold was thirty-five gallons, for which he charged less than $250 per quart. He also implied that the volume of anhydrous ammonia purchased made it apparent to him that his customers were using it to manufacture methamphetamine.

The government also offered the testimony of Roger Case, the Drug Enforcement Agency's coordinator for clandestine laboratories in the state of Arkansas. Case testified that anhydrous ammonia is a serious irritant that can cause death from inhalation in large quantities. If not kept under sufficient pressure and stored in stainless steel containers, the ammonia will become gaseous and leak, or react with other metals. Under Arkansas law, it must be stored and transported in

stainless steel containers that will maintain pressure. Case testified that he had no knowledge of any legal containers for a quantity as small as a quart, and none of the chemical suppliers he has asked sell anhydrous ammonia in that quantity.

Case also testified that the items found at Gramling's home indicated that there was an operational methamphetamine laboratory in his home. Case testified that, except for pseudoephedrine tablets which were intercepted on their way to Gramling, almost all the materials needed to manufacture methamphetamine were on the premises. In particular, peeled lithium batteries were found. Case testified that there is no legitimate use for peeled lithium batteries, and that peeling the batteries and assembling all the other necessary items constituted a substantial step towards starting the manufacturing process. Finished methamphetamine was also found on the premises.

Case testified that there is gross contamination of the area where the manufacture of methamphetamine takes place. All of the items used, as well as the location and surrounding structure, are commonly contaminated above levels accepted by the EPA and OSHA. Consequently, it is Drug Enforcement Agency policy to destroy everything that could have been used for the manufacture of the drug.

Based on this evidence, the district court found that there was an operational methamphetamine laboratory in Gramling's home, and that Gramling was selling anhydrous ammonia in illegal quart-sized containers. The district court enhanced his sentence by two points for unlawful storage of anhydrous ammonia under U.S.S.G. § 2D1.1(b)(5)(A)(ii), and charged him $10,525.25 in restitution for the cleanup associated with the manufacture of methamphetamine pursuant to 21 U.S.C. § 853(q). The Guidelines permitted a sentence between seventy and eighty-seven months. The statutory maximum sentence was sixty months for the conspiracy conviction and forty-eight months for the communications facility conviction. The district court

sentenced Gramling to sixty months on the conspiracy conviction and fifteen months on the communications facility conviction, to run consecutively for a total of seventy-five months. Gramling appeals the enhancement, the restitution order, and the decision to run the sentences consecutively rather than concurrently.

I.

Gramling challenges the restitution order on the ground that the statute under which it was imposed--21 U.S.C. § 853(q)--was inapplicable. Since this claim was not raised below, the district court's application of section 853(q) is reviewed for plain error. Fed. R. Crim. P. 52(b). For us to find plain error "[t]here must be an 'error' that is 'plain' and that 'affects substantial rights.'" United States v. Olano, 507 U.S. 725, 732 (1993). We may exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. We conclude that the district court did not commit plain error.

Gramling contends that the language of section 853(q) precludes its application to his conviction. Section 853(q) provides:

> The court, when sentencing a defendant *convicted of an offense under this subchapter or subchapter II of this chapter involving the manufacture of methamphetamine*, shall–
> . . .
> (2) order the defendant to reimburse the United States . . . for the costs incurred by the United States . . . for the cleanup associated with the manufacture of . . . methamphetamine by the defendant . . . .

21 U.S.C. § 853(q) (emphasis added). Gramling argues that section 853(q) does not apply to him for two reasons: 1) his conspiracy conviction was not "under this subchapter or subchapter II of this chapter" and 2) his convictions did not "involv[e]

the manufacture of methamphetamine" because his offense was inchoate--conspiracy to attempt to manufacture methamphetamine.

Regarding Gramling's first argument, we do not believe the district court erred in applying section 853(q) to Gramling's convictions. Gramling pled guilty to Count I of the Superseding Information, alleging offenses under 21 U.S.C. § 846 and 18 U.S.C. § 371, and Count II, alleging offenses under 21 U.S.C. §§ 841(a)(1), 846, and 843(b). The operative provisions of 21 U.S.C. § 853(q) mandate restitution for cleanup of clandestine laboratory sites for offenses under subchapters I or II of Chapter 13 of Title 21 of the United States Code. Subchapters I and II of Chapter 13 cover 21 U.S.C. §§ 801-971, which include the offenses to which Gramling pleaded. We can only read the plea agreement to be entering guilty pleas to portions of subchapter I of Chapter 13, and accordingly Gramling's convictions are subject to the mandatory provisions of 21 U.S.C. § 853(q).

Second, Gramling argues that section 853(q) does not apply because he was not convicted of an offense "involving the manufacture of methamphetamine." In a case decided after we heard oral argument in Gramling's case, this Court addressed the meaning and proper application of section 853(q) for the first time when it determined that a conviction for possession with intent to distribute methamphetamine clearly and obviously is not an offense "involving the manufacture of methamphetamine" within the plain meaning of the statute. United States v. Lachowski, 405 F.3d 696 (8th Cir. 2005). The Court acknowledged that the "term 'involving' appears to expand the scope of the statute beyond convictions for the manufacture of methamphetamine into related areas." Id. at 699. However, the Court also noted that the phrase "involving the manufacture" of methamphetamine puts a limit on what convictions can fall under the statute, because the phrase would not be included if Congress meant to authorize restitution for any methamphetamine crime. See id. at 700. However, the Court did not need to define the exact scope of the statute, and neither do we, since all that is required on plain error review is a determination of whether

it is "clear or obvious" that the defendant's conviction was not covered by the statute. Id. at 699.

Lachowski was decided on plain error review, and the Court determined the district court had committed plain error. Id. at 698 & 700. Lachowski held that the defendant's conviction for possession with intent to distribute clearly did not "involv[e] the manufacture of methamphetamine." Id. at 699. The Court interpreted the phrase "involving the manufacture of methamphetamine" to mean that the offense includes the manufacture of methamphetamine as a "necessary circumstance, condition, or consequence." Id. (quoting Random House Webster's Unabridged Dictionary 1005 (2d ed. 1997)). Neither the fact of possession nor of distribution of the drug necessarily includes any association or connection with the manufacture of the drug. Id. Therefore, the Court concluded that in a conviction for possession with intent to distribute the district court could not order restitution under section 853(q).

Lachowski makes clear that because the application of section 853(q) is limited to situations where the offense the defendant was *convicted of* involves the manufacture of methamphetamine, we must look only to Gramling's convictions and not to whether the district court could reasonably conclude that he had manufactured methamphetamine. 405 F.3d at 699 n.1. Gramling was convicted of two offenses: conspiracy to attempt to manufacture methamphetamine and use of a communications facility in an attempt to manufacture methamphetamine. An attempt to manufacture methamphetamine is both "associated with" and "connected to" the manufacture of methamphetamine. An attempt to manufacture a drug is inextricably linked to the completed crime; without the beginning steps to manufacture a drug, the actual manufacture of the drug would never occur. And while an attempt to manufacture a drug may not always result in the drug's manufacture, but for intervening factors, the natural, necessary, and intended consequence of an attempt to manufacture a drug is the actual and completed manufacture of the drug. Therefore, it was not clear or obvious error for the district court to conclude that Gramling's convictions

-6-

"involv[ed] the manufacture of methamphetamine."  Accordingly, the district court did not commit plain error in applying 21 U.S.C. § 853(q) to Gramling's convictions.

At the sentencing hearing and again on appeal, Gramling objected to the district court's finding that there was an operational methamphetamine lab on his property.  However, we need not address whether the district court's finding was clear error, because the district court's application of the statute in this case was appropriate based on the nature of the convictions alone.

II.

Gramling next argues that the district court erred in enhancing his sentence by two points for illegal storage of anhydrous ammonia.  Gramling objected to the presentence report's statement and the district court's finding that he sold anhydrous ammonia in illegal quart-sized jars.  Gramling argues on appeal that the district court had insufficient evidence to support this finding.

Although the Sentencing Guidelines are no longer mandatory after United States v. Booker, 125 S.Ct. 738, 764 (2005), the district court must continue to determine the appropriate guidelines sentencing range as it did pre-Booker, before considering the other factors in 18 U.S.C. § 3553(a). United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005).  We review the district court's application of the guidelines to the facts de novo, and we review the district court's factual findings for clear error.  Id.  If a defendant has objected to factual allegations in the presentence report, the report is not evidence and not a legally sufficient bases for making findings on the contested issues of fact.  United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994).  "[A] district court may not adopt the [presentence report's] challenged facts until . . . the government proves by a preponderance of the evidence that the facts stated in the [presentence report] are accurate." United States v. Cole,

357 F.3d 780, 785 (8th Cir. 2004) (quoting United States v. Logan, 54 F.3d 452, 455 (8th Cir. 1995)).

The district court did not err in finding Gramling sold anhydrous ammonia in quart-sized quantities. The government presented testimony from Gramling and the confidential informant that Gramling sold anhydrous ammonia for $250 per quart. It was not clearly erroneous for the district to infer from this testimony that Gramling sold quart-sized quantities.

The government also presented evidence that if Gramling sold in quart-sized quantities, the containers had to have been illegal. Case, the Drug Enforcement Agency's clandestine laboratory coordinator in the state of Arkansas, testified that he knows of no legal quart-sized containers for anhydrous ammonia. At the time of his testimony, Case had been involved in the seizure of over 500 methamphetamine labs. He received reports and statistical information on current activities and trends in manufacturing methamphetamine on a daily basis. The district court did not err in relying on this testimony to enhance Gramling's sentence. We conclude that the enhancement for illegal storage of anhydrous ammonia was supported by sufficient evidence.

III.

Gramling also argues that the district court should have run his sentences concurrently rather than consecutively. Concurrent sentences would have resulted in a sentence of only sixty months, the statutory maximum for the conspiracy count. This argument is without merit. Section 5G1.2 of the Sentencing Guidelines addresses sentencing on multiple counts and states, "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run *consecutively*, but only to the extent necessary to produce a combined sentence equal to the total

punishment." § 5G1.2(d) (emphasis added). This Court has held that "'total punishment' is the precise sentence determined by the sentencing judge from within the appropriate guidelines range." United States v. Ervasti, 201 F.3d 1029, 1045-46 (8th Cir. 2000). When the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, the sentence imposed on one or more of the other counts should run consecutively to the extent needed to reach the total punishment. Id. at 1046. The en banc Court reaffirmed this principle in United States v. Diaz, 296 F.3d 680, 684 (8th Cir. 2002).

The district court sentenced Gramling to a total of seventy-five months' punishment--sixty months on the conspiracy count and fifteen months on the communications facility count. The district court's decision to run the sentences consecutively rather than concurrently was proper under section 5G1.2(d) and this Circuit's case law. However, we must modify Gramling's sentence. Rather than sentence Gramling to fifteen months on the communications facility charge, the district court should have sentenced Gramling to the statutory maximum on both counts, with fifteen months of the communications facility sentence to be served consecutively to Gramling's conspiracy sentence. United States v. Pierce, 388 F.3d 1136, 1139 (8th Cir. 2004) (stating that § 5G1.2 requires that, to the extent possible, the total punishment is to be imposed on each count).

IV.

Gramling finally asks us to grant his motion to supplement briefing in light of Shepard v. United States, 125 S.Ct. 1254 (2005), and United States v. Booker, 125 S.Ct. 738 (2005). Gramling relies on Shepard to argue that the district court inappropriately relied on information in the presentence report derived from police reports to enhance his sentence by two points for possession of a firearm while manufacturing methamphetamine. In Shepard the Supreme Court held that a court sentencing under the Armed Career Criminal Act cannot look to police reports or

complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary. Shepard, 125 S.Ct. at 1257. We do not believe the holding in Shepard applies to this case. Gramling's sentence was not enhanced because of a prior conviction, whereas the Court explicitly states that Shepard was decided to resolve a circuit split over what evidence may establish the nature of a prior conviction that stems from a guilty plea. See id. at 1257-59.

Gramling also challenges his sentence under Booker. Gramling was sentenced on the basis of fact-based sentencing enhancements that were not tried to a jury. Gramling did not raise this objection in the district court. Therefore, we must consider whether the district court's application of the enhancements and its application of the guidelines as mandatory, rather than advisory, constitute plain error. In order to conclude that the district court's use of the guidelines in sentencing constituted plain error, we would have to determine that there is a reasonable probability that Gramling would receive a more favorable sentence but for the error. United States v. Pirani, 406 F.3d 543, 551 (8th Cir. 2005) (en banc). We find no evidence in the record that the district court would have sentenced more leniently but for the Booker error. The district court's application of the guidelines to Gramling's case was not plain error. Accordingly, we deny Gramling's motion to supplement briefing.

We modify the sentence of the district court and, as modified, affirm the sentence as well as the restitution order.

_____