# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2398

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Northern District of Iowa
Michael Welp,　　　　　　　　*
　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　Appellant.　　　　　*

_____

Submitted: September 30, 2005
Filed: October 25, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Michael Welp appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa upon a jury verdict finding him guilty of distribution and possession of pseudoephedrine, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The district court sentenced Welp to 235 months imprisonment and 3 years supervised release. For reversal, Welp argues that the district court erred in sentencing him based in part on judge-found facts and in its application of the

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Sentencing Guidelines. For the reasons discussed below, we affirm the judgment of the district court.

The district court sentenced Welp based in part on facts it found by a preponderance of the evidence and applying the Guidelines in a mandatory fashion, which was error under United States v. Booker, 125 S. Ct. 738 (2005). However, Welp concedes that he did not preserve the error in the district court. Accordingly, we review only for plain error. See United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc), petition for cert. filed, (U.S. July 27, 2005) (No. 05-5547). Welp cannot meet his burden to establish plain error because, even though he was sentenced at the bottom of the applicable sentencing range, he cannot show a reasonable probability that he would have received a more favorable sentence if the district court had treated the Guidelines as advisory, rather than mandatory. See id. at 551-53 (sentence at bottom of range, without more, is insufficient to demonstrate reasonable probability that court would have imposed a lesser sentence absent Booker error).

We further hold that the district court did not clearly err in finding that the quantity of pseudoephedrine involved in the offense was at least 1 kilogram for purposes of Welp's offense conduct under the Guidelines. See United States v. Gramling, 417 F.3d 891, 896 (8th Cir. 2005) (clear error standard of review); United States v. Ziesman, 409 F.3d 941, 955 (8th Cir. 2005) (in determining drug quantity, district court may consider all drugs that were part of same course of conduct). Moreover, there is ample evidence in the record supporting the district court's finding that Welp sold the pseudoephedrine with the knowledge or reasonable cause to believe that it would be used to manufacture methamphetamine. Therefore, we also hold that the district court did not clearly err in finding, for purposes of the obstruction-of-justice enhancement under U.S.S.G. § 3C1.1, that Welp intentionally testified falsely under oath when he denied having the knowledge or belief that the pseudoephedrine he sold would be used to manufacture methamphetamine. See

United States v. Galaviz-Luna, 416 F.3d 796, 800 (8th Cir. 2005) (clear error standard of review); Ziesman, 409 F.3d at 956 ("A district court applying the obstruction-of-justice enhancement for perjury must review the evidence and make an independent finding, by a preponderance of the evidence, that the defendant gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.") (internal quotation marks omitted).

Finally, the district court recognized its authority to depart. We therefore hold that the denial of Welp's motion for a downward departure under U.S.S.G. § 5K2.13 is unreviewable. See United States v. Gonzales-Ramirez, 350 F.3d 731, 734 (8th Cir. 2003) (denial of § 5K2.13 motion held unreviewable where district court acknowledged authority to depart but denied motion based on defendant's failure to substantiate his claim of diminished capacity).

Accordingly, we affirm. We also deny the pending pro se motions.

_____