# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1974

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffery M. Haywood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 1, 2016
Filed: September 13, 2016
[Unpublished]

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jeffery Haywood directly appeals the sentence imposed by the district court after he pled guilty--pursuant to a written plea agreement--to access-device fraud, in violation of 18 U.S.C. §§ 2, 1029(a)(5). In his initial and supplemental briefs, Haywood asserts arguments challenging his prison term and challenging certain

aspects of the restitution order. Having jurisdiction under 28 U.S.C. § 1291, we reverse in part, modify the judgment, and affirm the judgment as modified.

As to Haywood's arguments challenging the substantive reasonableness of his prison term, and the manner in which his prison term was calculated, we enforce the appeal waiver contained in his plea agreement. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers).

As to Haywood's arguments challenging certain aspects of the restitution order, we note that the appeal waiver does not apply. First, we conclude that the plea agreement was sufficiently clear on the issue of restitution that the victims of Haywood's relevant conduct should be included in the restitution order. Second, in light of the plea agreement's expansive definition of Haywood's relevant conduct, we conclude that restitution was properly awarded for losses attributable to him. See 18 U.S.C. § 3663A(a)(3) (court shall order, if agreed to by parties in plea agreement, restitution to persons other than victim of offense). Third, we conclude that a portion of the restitution amount for one of the victims--although imposed based on the presentence report and without objection--constituted plain error because it was not part of the victim's actual, provable losses. Specifically, the restitution amount payable to J.F. should not have included $1,485 for a car security system, as there was no information in the record indicating that a car security system was taken or destroyed within the context of Haywood's relevant conduct. See United States v. Frazier, 651 F.3d 899, 904-05 (8th Cir. 2011) (under statute, restitution should be limited to compensation for victim's actual, provable losses); United States v. Lachowski, 405 F.3d 696, 698 (8th Cir. 2005) (discussing plain error standard of review; imposition of restitution without statutory basis can constitute plain error).

For the foregoing reasons, we reverse in part, modify the judgment to decrease the restitution amount payable to J.F. from $1,772.91 to $287.91, and affirm the judgment as modified.

_____