# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2404

_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Anfin Nesdahl

*Defendant - Appellant*

_____

No. 24-2406

_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Anfin Nesdahl

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: March 19, 2025
Filed: June 10, 2025

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Nicholas Nesdahl appeals his sentence and the district court's restitution order after he pled guilty to nine counts of child exploitation offenses. Having jurisdiction under 28 U.S.C. § 1291, we vacate and remand the restitution order and otherwise affirm.

I.

Often presenting himself as a teenager, Nesdahl connected with several minor girls through various social media. The interactions quickly turned sexual, with Nesdahl directing the girls to send him nude images and sexually explicit videos. In one instance, Nesdahl instructed a 13-year-old girl (Victim 1) from Pennsylvania to record herself sexually abusing her 6-year-old stepsister (Victim 2). After Victim 1's mother discovered the videos on the girl's cell phone and diary entries describing the interactions, she alerted local authorities. Law enforcement soon identified Nesdahl as the recipient, and further investigation revealed that he had received sexually explicit material from at least seven other minors from around the country.

Eventually, Nesdahl was named in a nine-count indictment in the District of North Dakota and a six-count indictment in the Western District of Pennsylvania, though the latter was soon transferred to North Dakota. See Fed. R. Crim. P. 20. To resolve both cases, Nesdahl entered into a plea agreement whereby he pled guilty to two counts from the Pennsylvania indictment, both involving Victims 1 and 2, and seven counts from the North Dakota indictment. The two Pennsylvania counts included receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). Each of the North Dakota counts were for violations of § 2251(a).

The U.S. Probation office prepared a Presentence Investigation Report (PSR), which calculated a U.S. Sentencing Guidelines range of life in prison. Because of the applicable statutory maximum penalties, the PSR recommended the maximum allowable sentence of 3,120 months' imprisonment. In addition, the PSR identified nine victims of Nesdahl's crimes and indicated that each count was a child pornography trafficking offense under 18 U.S.C. § 2259(c)(3), thus triggering mandatory restitution. See 18 U.S.C. § 2259(b)(2). Nesdahl did not object.

At sentencing, the district court adopted the PSR and heard argument on the appropriate sentence. Nesdahl argued that several mitigating factors justified a substantial downward variance to 240 months' imprisonment. Specifically, he pointed to his isolation and depression during the COVID-19 pandemic and his lack of criminal history. The Government also recommended a downward variance, but not quite so great as Nesdahl would have preferred. Emphasizing the nature of Nesdahl's conduct and the likely continuing effect it will have on his victims, the Government suggested 480 months' imprisonment as a fair and reasonable sentence. After considering these arguments, the district court sentenced Nesdahl to 600 months' imprisonment. In line with the PSR, the district court imposed $3,000 in restitution for each of the nine identified victims.

II.

Nesdahl first argues that the district court erred when it imposed restitution for his § 2251(a) convictions. Because he did not object to the order in the district court, Nesdahl's argument is subject to plain error review. United States v. Lachowski, 405 F.3d 696, 698 (8th Cir. 2005). To prevail, he bears the burden to show that the district court made a plain error that affects his substantial rights, and "we may remedy the error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Beston, 43 F.4th 867, 873 (8th Cir. 2022) (citation omitted).

Nesdahl carries his burden here.[1]  Section 2259(b)(2) requires a district court to impose a minimum of $3,000 dollars in restitution for each victim of "trafficking in child pornography."  That phrase is limited to violations of specifically listed offenses.  See 18 U.S.C. § 2259(c)(3).  Receipt of child pornography under § 2252(a)(2) qualifies as such an offense.  See id. (listing § 2252).  Section 2251(a) does not.  See id.; United States v. West, 137 F.4th 395, 402 (5th Cir. 2025) (acknowledging that a "conviction under § 2251(a) does not qualify as *trafficking* in child pornography").  "Federal courts cannot order restitution in a criminal case without a statutory basis."  Lachowski, 405 F.3d at 698 (citation omitted).  The district court's restitution order plainly did so in this case.  See United States v. Ramirez, 196 F.3d 895, 899 (8th Cir. 1999) ("[A]n order to pay restitution beyond that authorized by the statute is a plain error of law."); see also Lachowski, 405 F.3d at 698-700 (recognizing that a restitution order which "departs so far from the text that it is clearly incorrect" can be plain error even without "controlling precedent").

This error not only affects Nesdahl's substantial rights, but also "seriously affects the fairness, integrity or public reputation of judicial proceedings."  See Beston, 43 F.4th at 873 (citation omitted).  The only other statute that could authorize restitution here is § 2259(b)(1), which "permits orders of restitution in 'the full amount of the victim's losses.'"  West, 137 F.4th at 402 (citation omitted).  But a district court may issue such an order "only to the extent the defendant's offense proximately caused a victim's losses,"  Paroline v. United States, 572 U.S. 434, 448 (2014), which the Government must prove by a preponderance of the evidence.  See id. at 443; 18 U.S.C. § 3664(e).  As the Government concedes, it presented no

---

[1]The Government concedes as much.  Appellee Br. 8, 10-11.  Though that confession of error is "entitled to great weight," it "does not relieve the Court of its performance of the judicial function," and we must therefore conduct a complete analysis.  See United States v. Bell, 363 F.2d 94, 96 (8th Cir. 1966) (per curiam) (quoting Young v. United States, 315 U.S. 257, 258-59 (1942)).  That being said, "[t]he public trust reposed in . . . the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent."  Young, 315 U.S. at 258. The Court acknowledges the Government's confession of error.

evidence on any of the victims' losses. There is no basis in the record, then, for the $21,000 in restitution for the seven minor victims besides Victims 1 and 2. "In plain error terms, 'the outcome of the proceeding would have been different.'" United States v. Phillips, 124 F.4th 522, 528 (8th Cir. 2024) (quoting Greer v. United States, 593 U.S. 503, 508 (2021)); see also West, 137 F.4th at 402 (reiterating that restitution beyond amount statutorily authorized "necessarily affects the appellant's substantial rights"). Given that the district court was not authorized to impose this restitution order, the court plainly erred in doing so. See, e.g., Lachowski, 405 F.3d at 700; Ramirez, 196 F.3d at 899-90. Accordingly, we vacate the district court's restitution award. On remand, the district court should limit its order to reflect the $6,000 in restitution for the two victims from Nesdahl's § 2252(a)(2) conviction. See 18 U.S.C. § 2259(b)(2)(B).

III.

Nesdahl also challenges his sentence as substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Mims, 122 F.4th 1021, 1034 (8th Cir. 2024). A district court abuses its discretion if it "ignores a relevant factor that should have received significant weight, gives too much weight to an irrelevant or improper factor, or commits a clear error of judgment even when weighing only appropriate factors." United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014). "[I]t will be the unusual case when we reverse a district court sentence . . . as substantively unreasonable," United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc), particularly when faced with a presumptively reasonable, within-Guidelines sentence, see United States v. Jones, 49 F.4th 1144, 1145 (8th Cir. 2022).

Nesdahl argues that the district court did not give appropriate weight to certain mitigating factors—like his history of depression and alcohol abuse and his lack of criminal history—and failed to give weight to the need to avoid sentencing disparities. But mere disagreement with how the court chose to weigh the relevant factors does not alone justify reversal. United States v. Anderson, 618 F.3d 873, 883

(8th Cir. 2010). "The district court 'has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others.'" United States v. Stephen, 984 F.3d 625, 633 (8th Cir. 2021) (citation omitted). Here, the district court considered Nesdahl's mitigating arguments. In the end, however, it reasoned that the other factors justified a heftier sentence. That the court weighed those factors "more heavily than [Nesdahl] would prefer does not mean the district court abused its discretion." See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011).

Moreover, the fact that the district court "correctly calculate[d] and carefully review[ed] the Guidelines range" undermines Nesdahl's claim that the court failed to "give[] significant weight and consideration to the need to avoid unwarranted disparities." United States v. Heim, 941 F.3d 338, 340 (8th Cir. 2019) (citation omitted). On all fronts, Nesdahl cannot show that the district court committed "a clear error of judgment" in weighing the appropriate factors. See Manning, 738 F.3d at 947. He has not rebutted the presumption of reasonableness, see id., and the district court did not abuse its discretion in imposing its 600-month sentence.

IV.

For these reasons, we vacate the restitution award and remand with instructions to impose a new restitution order reflecting only the two victims of Nesdahl's § 2252(a) conviction. We otherwise affirm his sentence.

_____