# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1111

_____

| | | |
|---|---|---|
| Andrea Newton, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| | * | District Court for the |
| | * | Western District of Arkansas. |
| Clinical Reference Laboratory, Inc., | * | |
| A foreign corporation; Globallab | * | |
| Solutions, Inc. A foreign corporation; | * | |
| Joseph D. Spataro, an individual, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 16, 2007
Filed:  February 22, 2008

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Andrea Newton sued a clinical laboratory, a medical review officer, and the review officer's employer, alleging negligent performance of a drug test mandated by Newton's employer.  Newton claims that she lost her job because the defendants negligently performed the drug test, and then notified her employer of a positive result.  The district court dismissed the complaint with prejudice, on the ground that Newton failed to submit a timely affidavit of an expert witness as required by

Arkansas law. In view of an intervening statement of Arkansas law by the Supreme Court of Arkansas, we reverse and remand for further proceedings.

In June 2005, Newton was a resident of Arkansas and employed by the West Siloam Springs Casino in Oklahoma. She alleges that the Casino selected her for a random drug test, and collected an oral swab specimen. This specimen allegedly was shipped to Clinical Reference Laboratory, which analyzed the specimen and reported that it was positive for marijuana metabolite. The complaint alleges that CRL then forwarded the test result to GlobalLab Solutions, Inc., for further review. GlobalLab allegedly caused its employee Dr. Joseph D. Spataro, M.D., to serve as a "medical review officer" with respect to Newton's drug test. Spataro allegedly sought to speak directly with Newton, left her a voice message, and then notified the Casino that Newton had tested positive for marijuana metabolite. The complaint asserts that Spataro eventually contacted Newton, who denied using marijuana, but that Spataro rejected her denial and confirmed the positive test result. Newton claims that the Casino, in reliance on the confirmed test result, terminated her employment. Newton's complaint alleges that the defendants acted negligently with respect to this incident, and that their negligence caused injuries to Newton, including loss of earnings and fringe benefits, damage to reputation, and emotional distress.

The Arkansas Code provides that in any action for medical injury, when the asserted medical negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall file an affidavit of an expert within thirty days after the complaint is filed. Ark. Code §§ 16-114-206, 209(b), 209(c). This affidavit must establish reasonable cause for filing an action for medical injury due to negligence. *Id*. § 16-114-209(b)(1). The statute provides that if the affidavit is not filed on time, then "the complaint shall be dismissed by the court." *Id.* § 16-114-209(b)(3)(B).

The district court concluded that Newton's lawsuit was a negligence action for "medical injury," and that an expert affidavit was required in a diversity case pursuant to the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). According to the time period set by the Arkansas statute, the affidavit was due on September 18, 2006, but Newton failed to submit one. She instead filed a transcript of a deposition of an expert witness, and did so thirty-two days after the statutory deadline. On December 28, 2006, the court dismissed the case with prejudice, based on Newton's failure to comply with the affidavit requirement within thirty days after the filing of the complaint, and the express language of § 16-114-209(b)(3)(B) directing dismissal.

After Newton filed her notice of appeal and her opening brief, the Supreme Court of Arkansas decided *Summerville v. Thrower*, No. 06-501, 2007 WL 766319 (Ark. Mar. 15, 2007). The court in *Summerville* concluded that the thirty-day time limit of § 16-114-209(b)(3)(A) for filing an expert affidavit directly conflicted with Rule 3 of the Arkansas Rules of Civil Procedure regarding the commencement of litigation. Rule 3 defines "the means by which complaints are filed and actions commenced for a common law tort such as medical malpractice." *Weidrick v. Arnold*, 835 S.W.2d 843, 847 (Ark. 1992). The state supreme court in *Summerville* ruled that the requirement of § 16-114-209(b)(3), that an action be dismissed automatically if a proper affidavit is not filed within thirty days after the filing of a complaint, was a "procedural" rule that added a "legislative encumbrance to commencing a cause of action" not found in Rule 3 of the civil rules. *Summerville*, 2007 WL 766319, at *5. As such, the court held, the statutory provision must be stricken from the Code as inconsistent with the rules of civil procedure and the state supreme court's constitutional authority to prescribe those rules. *Id*.

We conclude that the decision in *Summerville* requires reversal of the district court's judgment. The district court dismissed Newton's action based specifically on the "express language" of § 16-114-209(b)(3), which requires dismissal when an adequate expert affidavit is not submitted within thirty days after the filing of a

complaint. *Summerville* struck that provision as unconstitutional, so "it is treated as if it had never been passed." *Land O'Frost, Inc. v. Pledger*, 823 S.W.2d 887, 889 (Ark. 1992). Without the statutory timing requirement for a reasonable-cause affidavit, the district court's rationale for dismissing the complaint cannot stand.

The appellees contend that we should decline to apply *Summerville* because Newton did not argue in the district court (or in her opening brief on appeal) that the timing requirement of § 16-114-209(b)(3) was contrary to the Arkansas constitution. Newton did contend in the district court that the timing requirement was a "procedural" rule that should not be applied in federal court, but it is true that she did not advance the precise contention accepted by the Supreme Court of Arkansas in *Summerville*. Nonetheless, we may address arguments raised for the first time in a reply brief on appeal where "the proper resolution is beyond doubt or when the argument involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case." *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000); *see United States v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2003) ("Although we retain the authority to decline consideration of an issue raised for the first time in a reply brief, we are not precluded from considering the issue.") (citations omitted); *Ray v. Unum Life Ins. Co. of America*, 314 F.3d 482, 487 (10th Cir. 2002) ("[A]n intervening change in the law permits appellate review of an issue not raised below."); *In re Skywalkers, Inc.*, 49 F.3d 546, 548 n.4 (9th Cir. 1995) (same); *see generally Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, or where injustice might otherwise result.") (citations omitted) (internal quotation omitted). Although Newton did not raise *Summerville* until her reply brief, the appellees discussed the decision in their previously-filed briefs, and thus were not deprived of an opportunity to be heard on the point.

We believe this is an appropriate case in which to consider the intervening *Summerville* decision. The district court dismissed this diversity case based solely on a state statute that has been declared unconstitutional by the highest court of the State. Proper resolution of the narrow issue concerning the timeliness of Newton's compliance with the affidavit requirement is now beyond doubt. We see no reason to refuse to consider that the district court's decision was premised on what is now an outmoded understanding of Arkansas law. We therefore hold that the district court's decision is contrary to *Summerville* and must be reversed.

The appellees contend that even if Newton's claim cannot be dismissed based on the timing requirement of § 16-114-209(b)(3), the substance of the affidavit requirement remains in effect, *Summerville*, 2007 WL 766319, at *5, and the deposition transcript submitted by Newton is insufficient to serve as a reasonable-cause affidavit. The district court's decision, however, hinged on the timing requirement of § 16-114-209(b)(3). Assuming that the affidavit requirement is applicable to this case, and assuming that the deposition transcript was insufficient, the district court did not rule that Newton's failure to submit an affidavit by December 2006 violated any independent timing requirement of the district court in this case. Discovery was not scheduled to close until August 27, 2007, and but for the invocation of the thirty-day statutory limit, we see nothing in the record that would have precluded Newton from later submitting an affidavit designed to comply with § 16-114-209(b)(1) and (2).

For these reasons, we reverse the district court's judgment dismissing the case with prejudice and remand for further proceedings. The appellees have raised several alternative arguments for affirming the district court's dismissal, but the district court declined to reach those issues. We likewise decline to reach them and leave those matters for the district court to consider in the first instance on remand, as may be necessary.

_____