# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2068

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jevonne Martell Coleman

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

——————————

Submitted: January 17, 2020
Filed: June 8, 2020

——————————

Before KELLY, MELLOY, and KOBES, Circuit Judges.

——————————

KELLY, Circuit Judge.

Jevonne Coleman pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] accepted his plea and

_____

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable Mark

sentenced him to 108 months in prison. After sentencing, the Supreme Court decided that, to be convicted under § 922(g), the defendant must have known "he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019). This requires that Coleman knew he was a felon when he possessed the firearm in this case. Coleman now challenges the validity of his plea and conviction based on Rehaif. Because we find no basis for reversal, we affirm.

## I.

On May 10, 2018, the grand jury indicted Coleman with one count of being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). The indictment did not allege that Coleman knew he had a prior conviction punishable by more than one year in prison. Coleman subsequently filed a notice of intent to plead guilty. At the change-of-plea hearing, the magistrate judge explained that having been convicted of a crime punishable by more than one year in prison was an element of the offense. Coleman admitted that this element was established. However, Coleman was not told that knowing of his felon status at the time of possession was also an element of the offense, and he did not acknowledge that this element was satisfied. After Coleman pleaded guilty, the magistrate judge recommended that the district court accept Coleman's plea. No objections were filed, and the district court accepted the plea. The court later sentenced Coleman and entered a judgment of conviction on May 14, 2019.

On June 21, 2019, the Supreme Court decided Rehaif, which clarified the scope of § 922(g). This circuit had previously held that § 922(g)(1) required the government to prove three elements: "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm,

---

Roberts, United States Magistrate Judge for the Northern District of Iowa.

and (3) the firearm was in or affecting interstate commerce." United States v. Montgomery, 701 F.3d 1218, 1221 (8th Cir. 2012). Rehaif held that the government must also prove a fourth element: that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

## II.

On appeal, Coleman argues that Rehaif establishes two errors in his guilty plea. First, he contends that because he was not informed of the fourth essential element of a § 922(g) offense, his plea is constitutionally invalid. Second, he argues his plea violated Federal Rule of Criminal Procedure 11 because the district court did not inform him of the nature of the charge to which he was pleading under Rule 11(b)(1)(G) or determine that there was a factual basis for the plea under Rule 11(b)(3).

Coleman did not raise these arguments below so we review for plain error. See United States v. Jawher, 950 F.3d 576, 579 (8th Cir. 2020). Coleman must show (1) an error, (2) that is plain, and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). We will exercise our discretion to correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (cleaned up).

## A.

Coleman satisfies the first two parts of the Olano plain-error test for both alleged errors. Although the Supreme Court decided Rehaif after Coleman's plea and conviction, its holding applies here because it clarified what § 922(g) "has meant continuously since the date when it became law." See Rivers v. Roadway Express, Inc., 511 U.S. 298, 313 n.12 (1994). Therefore, Coleman's plea is constitutionally

-3-

invalid because he did not understand the essential elements of the offense to which he pleaded guilty. In other words, his plea was neither knowing nor intelligent because he did not have "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." See United States v. Ochoa-Gonzalez, 598 F.3d 1033, 1036–38 (8th Cir. 2010) (quoting Bousley v. United States, 523 U.S. 614, 618 (1998)). Coleman's plea also violated Rule 11 because the district court did not advise him of the knowledge-of-status element established by Rehaif and did not examine the record to determine whether there was a factual basis for finding such knowledge. See Fed. R. Crim. P. 11(b)(1)(G), (b)(3); Jawher, 950 F.3d at 579. Because we measure whether an error is plain based on the law at the time of appeal, both errors are now plain under Rehaif. See Jawher, 950 F.3d at 579.

## B.

The government argues that Coleman does not satisfy the third part of plain-error review because he cannot show that either the constitutional error or the Rule 11 error affected his substantial rights. The Supreme Court has explained that, "in the ordinary case," an error affects the defendant's substantial rights if he or she demonstrates "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (cleaned up). Coleman contends that he need not make this showing to gain relief for his constitutionally invalid plea. He asserts that this error "affects substantial rights as a *per se* matter" and thus constitutes structural error that requires automatic reversal. He concedes, however, that he must still satisfy the substantial-rights prong to gain relief for the Rule 11 error. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Coleman relies on our decision in Ochoa-Gonzalez to argue that a constitutionally invalid plea requires reversal without determining its effect on his

-4-

substantial rights. In Ochoa-Gonzalez, the defendant argued on direct appeal that her guilty plea was invalid in light of Flores-Figueroa v. United States, 556 U.S. 646 (2009), which held that, to be convicted of aggravated identity theft, "the defendant must know that the identity stolen belongs to a real person." Ochoa-Gonzalez, 598 F.3d at 1036. Applying plain-error review, we examined Ochoa-Gonzalez's plea colloquy and decided it showed that (1) neither her counsel, nor the government, nor the district court understood that this additional essential element applied and (2) Ochoa-Gonzalez did not know the identity she had stolen "actually belonged to somebody else." Id. at 1037–38. Thus, we determined the district court had committed plain error by accepting her constitutionally invalid guilty plea. Id. at 1038. We also decided this error "affected her substantial rights as well as the fairness and integrity of the judicial proceedings," and reversed her conviction. Id.

Contrary to Coleman's argument, however, Ochoa-Gonzalez did not hold that the failure to advise the defendant of an essential element requires "*per se* reversal," even when that failure renders the plea unconstitutional. Rather, Ochoa-Gonzalez applied all four parts of plain-error review and found each was satisfied given the proceedings in the district court. Crucial to our holding was that Ochoa-Gonzalez's plea colloquy showed the additional element announced in Flores-Figueroa was not in fact satisfied in her case. She expressly told the district court that she did not know the passport number she had used "actually belonged to somebody else." Id. at 1037. There was thus "a reasonable probability that, but for the error, the outcome of the proceeding would have been different."[2] See Molina-Martinez, 136 S. Ct. at 1343.

---

[2]In this way, Ochoa-Gonzalez is similar to a Fourth Circuit case cited by Coleman, where the court vacated the defendant's guilty plea on plain-error review because the plea colloquy established that he lacked the requisite knowledge of the conspiracy to which he pleaded guilty to joining. See United States v. Mastrapa, 509 F.3d 652, 660–61 (4th Cir. 2007).

Nevertheless, Coleman urges us to classify the constitutional error in this case as structural. The structural-error doctrine applies to a "narrow class of errors—defects 'affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.'" Becht v. United States, 403 F.3d 541, 547 (8th Cir. 2005) (quoting Neder v. United States, 527 U.S. 1, 8 (1999)). Structural errors "defy analysis by 'harmless-error' standards." Arizona v. Fulminante, 499 U.S. 279, 309 (1991). The Supreme Court has indicated that there "may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome." Olano, 507 U.S. at 735. But we have explained "it is an open question" in this circuit "whether an unpreserved structural error automatically satisfies the third prong of the plain-error test." United States v. Picardi, 739 F.3d 1118, 1123 n.3 (8th Cir. 2014) (citing Puckett v. United States, 556 U.S. 129, 140–41 (2009)). For purposes of this case, however, we will assume without deciding that Coleman would satisfy the third part of plain-error review if he could demonstrate that his constitutionally invalid plea is structural error.

The Supreme Court has found structural error "only in a very limited class of cases." Neder, 527 U.S. at 8 (cleaned up). Neither the Supreme Court nor this court has ever identified a constitutionally invalid guilty plea as structural error.[3] The "purpose of the structural error doctrine is to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial." Weaver v. Massachusetts, 137 S. Ct. 1899, 1907 (2017). Yet the Court has made clear that "most constitutional errors can be harmless." Fulminante, 499 U.S. at 306. Indeed, "'if the defendant had counsel and was tried by an impartial adjudicator, there

---

[3]The circuit courts that have considered the issue are split, with the Fifth, Sixth, and Tenth Circuits holding that a constitutionally invalid plea is not structural error, United States v. Trujillo, — F.3d —, No. 19-2057, 2020 WL 2745526, at *5 (10th Cir. May 27, 2020); United States v. Hicks, 958 F.3d 399 (5th Cir. 2020); Ruelas v. Wolfenbarger, 580 F.3d 403, 410–11 (6th Cir. 2009), while the Fourth Circuit holds otherwise, United States v. Gary, 954 F.3d 194, 207–08 (4th Cir. 2020).

is a strong presumption that any other errors that may have occurred' are not 'structural errors.'" United States v. Marcus, 560 U.S. 258, 265 (2010) (quoting Rose v. Clark, 478 U.S. 570, 579 (1986)).

With these principles in mind, we hold that Coleman's constitutionally invalid plea is not structural error. Structural errors defy analysis by normal harmless-error standards because their consequences "are necessarily unquantifiable and indeterminate," so reversal is automatic. United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006). The error at issue here, by contrast, does not defy harmless-error standards and the resulting harm is not indeterminate. See, e.g., Jawher, 950 F.3d at 580–81 (deciding, in a post-Rehaif challenge to a § 922(g) conviction, that the defendant satisfied all four parts of plain-error review); United States v. Davies, 942 F.3d 871, 874 (8th Cir. 2019) (same); cf. Neder, 527 U.S. at 8–10 (holding that a jury instruction that omits an essential element of the offense is not structural error).[4] Therefore, even in the context of a constitutionally invalid plea based on Rehaif, a

[4]The cases Coleman relies on do not require a different result. Bousley involved a collateral challenge to a guilty plea; it did not discuss plain error or structural error. 523 U.S. at 618. Henderson v. Morgan involved a collateral attack on a state-court conviction, where the prisoner argued his guilty plea was involuntary. 426 U.S. 637, 638–39 (1976). That case did not discuss plain error or structural error. Boykin v. Alabama concerned a challenge to the voluntariness of a guilty plea where "the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." 395 U.S. 238, 239 (1969). Boykin also did not apply plain-error review or discuss structural error. Finally, Dominguez Benitez held that, on plain-error review, a defendant must demonstrate prejudice to gain reversal for a Rule 11 violation. 542 U.S. at 83. In a footnote, the Court contrasted Rule 11 errors with the error at issue in Boykin and suggested that where there is "no evidence that a defendant knew of the rights he was putatively waiving" by pleading guilty, the conviction must be reversed without regard to prejudice. Id. at 84 n.10 (citing Boykin, 395 U.S. at 243). We are reluctant to give this dicta from Dominguez Benitez the weight Coleman urges because the Court did not engage in any analysis of the structural-error doctrine.

defendant satisfies plain-error review only by showing that the error affected his or her substantial rights.

## C.

Coleman alternatively argues that if we decline to treat his constitutionally invalid plea as structural error, he can still fulfill his burden under the substantial-rights prong of plain-error review. This requires that he demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." See Jawher, 950 F.3d at 579 (cleaned up); accord United States v. Williams, 946 F.3d 968, 973 (7th Cir. 2020) (requiring the same showing in the context of a constitutionally invalid plea based on Rehaif).

Coleman has not made this showing for either the constitutional error or Rule 11 error. To begin, he does not argue that he would not have pleaded guilty had he known of Rehaif. He instead suggests, as an "example," that he "may have believed his [prior felony] convictions were expunged or his rights restored." But he does not assert that he in fact had this belief or was otherwise unaware of his felon status when he possessed the firearm in this case. Moreover, evidence in the record indicates Coleman knew he was a convicted felon at the relevant time. Portions of the presentence investigation report, to which Coleman did not object, show he had previously been sentenced to multiple terms of imprisonment exceeding one year. Given these circumstances, Coleman has not shown a reasonable probability that he would not have pleaded guilty had he known of Rehaif. See United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020) (finding that, following Rehaif, the defendant could not show his substantial rights were affected because he had previously "received and served several prison sentences longer than one year for felony convictions"); United States v. Seltzer, 789 F. App'x 559, 561 (8th Cir. 2020) (same); see also Rehaif, 139 S. Ct. at 2198 (doubting that the government's "obligation to prove a defendant's

knowledge of his status will be . . . burdensome" because "knowledge can be inferred from circumstantial evidence").

Because Coleman has not shown that either the constitutional error or the Rule 11 error affected his substantial rights, he is not entitled to relief on plain-error review. Accordingly, we affirm the judgment of the district court.

_____