# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2366
_____

United States of America

*Plaintiff - Appellee*

v.

Montecarlos Marteze Gant, also known as Lucky, also known as Cuzzo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque
_____

Submitted: April 13, 2020
Filed: August 28, 2020
[Published]
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Montecarlos Gant pleaded guilty to one count of being a felon in possession of a firearm.  See 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  After he was sentenced, the Supreme Court decided that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove "both that the defendant knew he possessed a

firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019). On appeal, Gant argues the district court[1] erred by accepting his guilty plea without first determining whether he knew he was a convicted felon as required by Rehaif. Finding no basis for reversal, we affirm.

## I.

On May 22, 2018, the grand jury indicted Gant on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This charge stemmed from an incident where Gant attempted to sell a gun with an obliterated serial number at a gun shop in Dubuque, Iowa. Police eventually seized a .380 caliber pistol from Gant. The indictment did not allege Gant knew he had a prior felony conviction at the time he possessed the gun.

Gant filed a notice of intent to plead guilty. At the change-of-plea hearing, the magistrate judge did not inform Gant that one element of the offense to which he was pleading guilty was that he knew he was a felon when he possessed the firearm, and Gant did not admit that this element was established. The magistrate judge recommended that the district court accept Gant's guilty plea. Neither party objected to the recommendation, and the district court accepted the plea.

The court sentenced Gant to 120 months in prison and entered final judgment on June 20, 2019. The Supreme Court decided Rehaif the next day. On appeal, Gant argues that his guilty plea violated Federal Rule of Criminal Procedure 11 and was constitutionally invalid because he was not informed of the additional essential

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

element of a § 922(g) offense announced in <u>Rehaif</u>—namely, that he knew he was a felon when he possessed the firearm at issue.

## II.

Gant did not raise these arguments in the district court, so we review for plain error. <u>See</u> <u>United States v. Jawher</u>, 950 F.3d 576, 579 (8th Cir. 2020). This requires that Gant show (1) an error, (2) that is plain, and (3) that affects his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). We will exercise our discretion to correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> (cleaned up).

The parties agree that Gant meets the first two elements of plain-error review. Gant's plea "is constitutionally invalid because he did not understand the essential elements of the offense to which he pleaded guilty." <u>See</u> <u>United States v. Coleman</u>, 961 F.3d 1024, 1027 (8th Cir. 2020). Gant's plea also violated Rule 11 "because the district court did not advise him of the knowledge-of-status element established by <u>Rehaif</u> and did not examine the record to determine whether there was a factual basis for finding such knowledge." <u>See</u> <u>id.</u> at 1027–28 (citing Fed. R. Crim. P. 11(b)(1)(G), (b)(3)). Because we measure whether an error is plain based on the law at the time of appeal, both errors are plain. <u>See</u> <u>id.</u>

The parties disagree about whether this error affected Gant's substantial rights under the third prong of plain-error review. <u>See</u> <u>Olano</u>, 507 U.S. at 732. Gant argues that "a constitutionally invalid plea affects substantial rights as a *per se* matter" because "it is structural error that requires automatic reversal."[2] Alternatively, he

---

[2]Gant concedes that he must satisfy the substantial-rights element of plain-error review to gain reversal for the Rule 11 errors. <u>See</u> <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 (2004).

contends that, if we do not treat the Rehaif error as structural, he can still satisfy his burden under the substantial-rights prong. Gant points out that he expressed some confusion about his prior convictions during the Rule 11 hearing. Specifically, he believed one of his five alleged prior felony convictions was not a felony because he "didn't go to prison."

We previously have held that a "constitutionally invalid plea is not structural error." Coleman, 961 F.3d at 1029. Instead, we explained that "even in the context of a constitutionally invalid plea based on Rehaif, a defendant satisfies plain-error review only by showing that the error affected his or her substantial rights." Id. at 1030. This requires that Gant demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." Id. (quoting Jawher, 950 F.3d at 579).

Gant has not made this showing. At the change-of-plea hearing, the government alleged that Gant had sustained five prior felony convictions by the time he possessed the firearm in this case. Gant admitted that he had been convicted of three prior felonies but said he did not remember the other two. The court accepted his guilty plea based on the three felonies he admitted. Portions of the presentence investigation report, to which Gant did not object, show he was incarcerated for a term of imprisonment exceeding one year for each of those three felonies. In 2002, Gant was convicted of aggravated vehicle hijacking and served three years and four months in prison before he was paroled. In 2011, he was convicted of possession of marijuana with intent to deliver and served approximately 21 months in prison. And in 2015, he was again convicted of possession of marijuana with intent to deliver and served approximately 23 months in prison. In light of his prior history of incarceration, simply alleging as he does that he "may have believed his convictions were expunged or his rights restored" is insufficient to show a reasonable probability that he would not have pleaded guilty but for the Rehaif-based error. See Coleman, 961 F.3d at 1030 (concluding that defendant did not show he would not have pleaded guilty had he known of Rehaif simply because he "may have believed his prior felony

convictions were expunged or his rights restored" (cleaned up)); United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020) (finding that, following Rehaif, the defendant could not show his substantial rights were affected because he had previously "received and served several prison sentences longer than one year for felony convictions").

We affirm the district court's judgment.

_____