# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3302
_____

Trenton Renell Robinson

*Plaintiff - Appellant*

v.

Erik Norling; Carolyn Kne; Mike Gallagher; Nathan Krogh; Vince Trammel; City of Bloomington

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 19, 2021
Filed: February 14, 2022

_____

Before GRUENDER, ERICKSON, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Trenton Robinson filed his section 1983 claims within the statute of limitations. *See* 42 U.S.C. § 1983. Yet the district court dismissed all but one of them as untimely anyway after he failed to argue that the deadline fell on a federal holiday. We affirm the dismissal of one claim, but otherwise reverse.

I.

Robinson filed a lawsuit six years and one day after police officers arrested and allegedly beat him. The day before he sued happened to be Veterans Day, so federal courthouses were closed. Even though he filed his complaint on the next business day, the defendants argued that three of his four section 1983 claims were untimely. *See Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) (noting that, for civil-rights actions brought under 42 U.S.C. § 1983, state statutes of limitation apply, which in Minnesota results in a six-year period).

The district court recognized the problem immediately. At the hearing on the motion, it asked whether some of the claims were really timely filed because the limitations period, which ordinarily would have ended on a "legal holiday," actually "continue[d] to run until the end of the next day." Fed. R. Civ. P. 6(a)(1)(C). Despite the hint, Robinson never made that argument himself, so the court went ahead and dismissed the claims.[1]

At that point, things looked bleak for Robinson. His privacy, excessive-force, and false-arrest claims were gone because he never raised the federal-holiday rule. And his malicious-prosecution claim was not actionable. *See Kohl v. Casson*, 5 F.3d 1141, 1145 (8th Cir. 1993) (refusing to constitutionalize a malicious-prosecution claim). Robinson tried to belatedly raise the federal-holiday rule in a later motion, but the district court refused to consider it.

II.

At this stage, there really is no dispute that, under the federal-holiday rule, Robinson filed his claims on time. Oral Argument at 15:03-15:13 (conceding that

---

[1]Even without the federal-holiday rule, the false-arrest claim was arguably still filed on time because the limitations period only began to run once the detention ended, which occurred *exactly* six years before Robinson filed his complaint. *See Wallace v. Kato*, 549 U.S. 384, 388–89 (2007). He never raised this argument either.

"some of the claims would have been timely under the federal-holiday rule, if . . . raised"). Rather, the disagreement is about whether he can raise the issue now, after he failed to bring it up himself until it was too late.

Whether he can depends on whether he waived or forfeited the argument. *See United States v. McCorkle*, 688 F.3d 518, 522 (8th Cir. 2012) (explaining both concepts). When an argument has been waived, meaning it has been "'intentional[ly] relinquish[ed],'" it is "entirely unreviewable" on appeal. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Forfeiture is different. When a party fails to "timely assert[]" an argument, it is not always lost. *Olano*, 507 U.S. at 733.

Although there are features of both here, Robinson's inaction falls on the forfeiture side of the line. For one thing, *inaction* is involved here, not acquiescence or assent. For another, Robinson mentioned a different tolling argument in his motion papers and then tried to raise the federal-holiday rule later, in a separate motion. Clearly, the goal all along was to save the case from a statute-of-limitations dismissal.

To be sure, as the defendants argue, the district court handed Robinson a winning argument on a silver platter, only to have him disregard it. But the excuse, even if it reflects bad lawyering, is plausible: once the district court raised the federal-holiday rule on its own, Robinson's counsel thought there was little point in pressing the issue further, particularly because the briefing was already over. In our view, Robinson's failure to raise the argument was just an "unintentional oversight" rather than an "intentional relinquishment," but just barely. *See McCorkle*, 688 F.3d at 522.

Still, we do not have boundless discretion to resurrect forfeited arguments. *See Newton v. Clinical Reference Lab., Inc.*, 517 F.3d 554, 556–57 (8th Cir. 2008). Rather, we excuse forfeiture in certain limited, well-defined circumstances, two of which apply here. One is when "the proper resolution is beyond any doubt," and the

other is for "purely legal issue[s]" that do not require "additional evidence or argument." *Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 891 (8th Cir. 2009) (quotation marks omitted). Here, how the federal-holiday rule works is clear, none of the relevant dates are in dispute, and everyone agrees that a six-year statute of limitations applies. With nothing else needed to resolve this "purely legal issue" that is "beyond doubt," we exercise our discretion to correct the error and remand the privacy, excessive-force, and false-arrest claims to the district court for further proceedings. *Newton*, 517 F.3d at 557 (quotation marks omitted).

## III.

Robinson's malicious-prosecution claim is a different story. "[A] claim of malicious prosecution, without more, does not state" a constitutional claim. *Kohl*, 5 F.3d at 1145; *see also Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (explaining that "malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury"). Whatever "more" is required, Robinson does not provide it. So we agree with the district court that his malicious-prosecution claim cannot survive.

## IV.

We accordingly affirm the dismissal of the malicious-prosecution claim but otherwise reverse the judgment of the district court and remand for further proceedings.

_____