# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1981

_____

United States of America

*Plaintiff - Appellee*

v.

Salvador Nunez-Hernandez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 15, 2022
Filed: August 8, 2022

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

STRAS, Circuit Judge.

Salvador Nunez-Hernandez believes that the statute criminalizing reentry into this country after removal violates his equal-protection rights. *See* 8 U.S.C. § 1326(a), (b). He did not raise this issue before the district court,[1] yet he wants us to review it as if he had. We affirm.

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

I.

Immigration officials have removed Nunez-Hernandez, a Mexican citizen, from the United States numerous times. Following his most recent attempt, they charged him with illegal reentry. *See* 8 U.S.C. § 1326(a), (b). After initially pleading not guilty, he had a change of heart and accepted a plea agreement. Over the course of about a year, from the filing of the criminal complaint to sentencing, he never once questioned the constitutionality of the illegal-reentry statute.

His legal strategy changed after a federal district court in Nevada concluded that the statute is "racially discriminatory." *See United States v. Carrillo-Lopez*, 555 F. Supp. 3d. 996, 1016 (D. Nev. 2021) (applying equal-protection principles). Seizing on this development, Nunez-Hernandez decided to launch an equal-protection challenge of his own for the first time on appeal.

II.

Given that we are a court of "review, . . . not first view," parties typically have to raise their arguments before getting here. *See Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 201 (2012) (quoting *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 110 (2001) (per curiam)). When they do not, we apply something less than full, non-deferential review, even for legal questions. *See Davis v. United States*, 140 S. Ct. 1060, 1061 (2020) (per curiam). Nunez-Hernandez finds himself in that situation today.

A.

Even constitutional arguments can be "forfeited." *United States v. Olano*, 507 U.S. 725, 731 (1993) (quoting *Yakus v. United States*, 321 U.S. 414, 444 (1944)). Forfeiture occurs when a party has an argument available but fails to assert it in time. *Id.* In criminal cases, the deferential standard we apply to forfeited errors comes

from Federal Rule of Criminal Procedure 52(b), which allows us to correct "plain error[s] that affect[] substantial rights."

Nunez-Hernandez's failure to raise an equal-protection challenge before the district court is a classic example of forfeiture. *See Robinson v. Norling*, 25 F.4th 1061, 1062 (8th Cir. 2022). During the six months before he pleaded guilty, he filed more than a dozen motions raising all sorts of issues, but not one of them questioned the constitutionality of the illegal-reentry statute or mentioned equal protection. Had he done so, the district court would have had an opportunity to potentially "correct or avoid the [alleged] mistake" in the first place. *Puckett v. United States*, 556 U.S. 129, 134 (2009). Under these circumstances, Nunez-Hernandez's constitutional argument receives, at most, plain-error review.[2]

## B.

Nunez-Hernandez's response is that his challenge is just too fundamental to forfeit. In his view, a constitutional argument like this one is about the district court's subject-matter jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (explaining that subject-matter jurisdiction challenges "can never be forfeited or waived" because they "involve[] a court's power to hear a case").

In another era, this argument might have received a more welcoming reception.[3] But today, under a "significantly tightened" understanding of subject-

___

[2]The government argues that we should not review Nunez-Hernandez's equal-protection challenge at all, given that he failed to raise it in a pretrial motion. *See* Fed. R. Crim. P. 12(b). We need not address this possibility, however, because the challenge fails on its merits. *See United States v. Anderson*, 783 F.3d 727, 741 (8th Cir. 2015) (applying plain-error review in similar circumstances). Our decision to reach the merits is also the reason why we deny the government's motions to dismiss and for summary affirmance.

[3]Habeas "jurisdiction" is just one example. *See Cotton*, 535 U.S. at 629–30 (describing habeas's "elastic concept of jurisdiction"). Early on, the Supreme Court

matter jurisdiction, *Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 183–84 (D.C. Cir. 2012) (Kavanaugh, J., dissenting), "the unconstitutionality of the statute under which the proceeding is brought does not oust a court of jurisdiction," *United States v. Williams*, 341 U.S. 58, 65 (1951). *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 231 (1995) ("[N]one would suggest that a litigant may never waive the defense that a statute is unconstitutional."); *United States v. De Vaughn*, 694 F.3d 1141, 1153 (10th Cir. 2012) ("A claim that a criminal statute is unconstitutional does not implicate a court's subject matter jurisdiction."). To the contrary, to reach the merits of a constitutional challenge, a court must have subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

It is true, as Nunez-Hernandez argues, that we have used the word jurisdiction in connection with constitutional arguments like the one he advances today. An example is when we described a Second Amendment challenge to a criminal statute as "jurisdictional in nature." *United States v. Seay*, 620 F.3d 919, 922 (8th Cir. 2010). But these rulings "are patently not jurisdictional in the strict sense." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006).

Sometimes the word "jurisdiction" has a special meaning. In *Seay*, for example, it referred to matters that have nothing to do with subject-matter jurisdiction, like the limited class of defenses that survive a guilty plea. *See Seay*, 620 F.3d at 822; *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000). Examples include challenges to the validity of the plea itself and, as relevant here, arguments that a criminal statute underlying a conviction is facially unconstitutional. *See Morgan*, 230 F.3d at 1070–71. Neither, however, involves the "court's '*power*

---

described right-to-counsel and even "mob[-]domination" claims as jurisdictional. *See Johnson v. Zerbst*, 304 U.S. 458, 463, 465–66 (1938); *Moore v. Dempsey*, 261 U.S. 86, 90–92 (1923); *see also Frank v. Mangum*, 237 U.S. 309, 327 (1915) (explaining that "the writ of *habeas corpus* will lie only in case the judgment under which the prisoner is detained is shown to be absolutely void for want of jurisdiction in the court that pronounced it"). No one would think of either as jurisdictional today.

to adjudicate the case.'" *De Vaughn*, 694 F.3d at 1153 (quoting *Steel Co.*, 523 U.S. at 89); *see also United States v. Phillips*, 645 F.3d 859, 862 (7th Cir. 2011).

Stepping back for a moment, it is clear that the word jurisdiction has "many[] meanings." *Steel Co.*, 523 U.S. at 90. One is the totally unwaivable and non-forfeitable kind: subject-matter jurisdiction, which refers to "the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009). The others are special rules, like the one in the guilty-plea context, that are "not jurisdictional in the strict sense," meaning that they cannot save a litigant from the consequences of forfeiture. *Kircher*, 547 U.S. at 642. Unfortunately for Nunez-Hernandez, his equal-protection challenge falls into the latter category.

C.

Actually applying plain-error review is straightforward. To succeed, Nunez-Hernandez has to show, among other things, that there was a "clear or obvious [error] under current law." *United States v. Hinkeldey*, 626 F.3d 1010, 1012 (8th Cir. 2010). The "case law," in other words, must "provide a clear answer." *Id.* at 1012–13.

Far from providing a clear answer in Nunez-Hernandez's favor, the overwhelming weight of authority goes the other way.[4] There is one district court

---

[4]*See, e.g., United States v. Ramirez-Mendoza*, No. 4:22-CR-00007, 2022 WL 2714965, at *1 (N.D. Ga. July 13, 2022); *United States v. Maldonado-Guzman,* No. 21-CR-448, 2022 WL 2704036, at *5 (S.D.N.Y. July 12, 2022); *United States v. Salas-Silva*, No. 3:20-CR-00054, 2022 WL 2119098, at *4 (D. Nev. June 13, 2022); *United States v. Machic-Xiap*, 552 F. Supp. 3d 1055, 1078 (D. Or. 2021); *United States v. Wence*, No. 3:20-CR-0027, 2021 WL 2463567, at *10 (D.V.I. June 16, 2021); *United States v. Rivera-Sereno*, No. 2:21-CR-129, 2021 WL 5630728, at *4–*5 (S.D. Ohio Dec. 1, 2021); *United States v. Amador-Bonilla*, No. 21-CR-187, 2021 WL 5349103 (W.D. Okla. Nov. 16, 2021); *United States v. Samuels-Baldayaquez*, No. 4:20-CR-83, 2021 WL 5166488, at *2–*3 (N.D. Ohio Nov. 5, 2021); *United States v. Novondo-Ceballos*, 554 F. Supp. 3d 1114, 1120–21 (D.N.M. 2021); *United States v. Gutierrez-Barba*, No. CR-19-01224, 2021 WL 2138801, at *5 (D. Ariz. May 25, 2021).

case on his side, *see Carillo-Lopez*, 555 F. Supp. 3d at 1001, but *at most* it shows that the issue is "subject to reasonable dispute," *Hinkeldey*, 626 F.3d at 1012–13 (quotation marks omitted). Picking one side of a "reasonable dispute" cannot be "clear[ly] or obvious[ly]" wrong. *Id.*

## III.

We accordingly affirm the judgment of the district court and deny the pending motion for judicial notice.

_____