# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1227
_____

United States of America

*Plaintiff - Appellee*

v.

Colby Lakeith Shannon, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 13, 2024
Filed: September 18, 2024
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Colby Shannon, Jr. appeals the sentence imposed by the district court[1] after he pleaded guilty to firearm offenses under 18 U.S.C. §§ 922(g)(3) and 922(g)(9). His

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence was unreasonable. Shannon has filed a pro se brief challenging sections 922(g)(3) and 922(g)(9) as facially unconstitutional under the Second Amendment.

Upon careful review, we conclude that the district court did not err in imposing a sentence within the Guidelines range. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (in reviewing sentences, appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard); <u>United States v. Callaway</u>, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable). We further conclude that Shannon's facial challenges to sections 922(g)(3) and 922(g)(9) fail under plain-error review, as he has not demonstrated any error that was clear or obvious under current law. <u>See</u> <u>United States v. Nunez-Hernandez</u>, 43 F.4th 857, 859-61 (8th Cir. 2022) (reviewing facial constitutional challenge for plain error where it was raised for first time on appeal; to succeed, appellant has to show, among other things, that there was clear or obvious error under current law; case law must "provide a clear answer").

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. The judgment is affirmed, and counsel's motion to withdraw is granted.

_____