# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2678
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Phillips

*Defendant - Appellant*

_____

Appeal from United Stated District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 27, 2024
Filed: December 23, 2024

_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Brandon Phillips had several Missouri marijuana-possession convictions on his record when he pleaded guilty to a federal felon-in-possession charge. The district court imposed a lifetime ban on federal benefits and a 120-month prison sentence, even though Missouri had legalized marijuana and announced it would

expunge certain convictions.  Although this development does not require resentencing, we vacate the federal-benefits ban.

## I.

Phillips agreed to plead guilty to a felon-in-possession charge.  *See* 18 U.S.C. § 922(g)(1).  At sentencing, the presentence investigation report recommended a range that was driven, in large part, by his prior convictions.  *See* U.S.S.G. § 4A1.1(a); *see also* Mo. Rev. Stat. § 195.211(1) (2016) (possession with intent to distribute a controlled substance).  He objected on the ground that it "overstate[d]" his criminal history because "the State of Missouri by referendum ha[d] legalized possession of marijuana." *See* Mo. Const. art. XIV, § 2.1 ("mak[ing] marijuana legal under state and local law").  He wanted the district court, like Missouri, to "revisit[]" its "views" on marijuana.

The court overruled the objection and added that it "would [have] impose[d] the same sentence" regardless, even if it had to do so "by way of variance or otherwise."  It then declared that "under 21 [U.S.C. §] 862(a)(1)(C), Mr. Phillips is permanently ineligible for federal benefits."

At the time, Phillips's marijuana convictions were still on the books, even though the referendum required "expungement of the criminal history records of all misdemeanor marijuana offenses." Mo. Const. art. XIV, § 2.10(8)(a).  The last one did not come off until roughly 18 months later.[1]  Now that the process is complete, he believes the changes to his criminal history require resentencing.

---

[1]We grant the requests to take judicial notice of the expungement orders.  *See* Fed. R. Evid. 201(b)(2).

II.

In most opinions, this would be the spot to discuss the standard of review. In this case, however, both possibilities lead to the same place.

The most likely alternative is plain-error review, which applies "when[ever] a party has an argument available but fails to assert it in time." *United States v. Nunez-Hernandez*, 43 F.4th 857, 859 (8th Cir. 2022); *see* Fed. R. Crim. P. 52(b). "To preserve [the expungement issue] for appellate review," Phillips had to "*clearly state* the grounds for the objection" in the district court. *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (emphasis added) (citation and brackets omitted).

Here, although he urged the court to "revisit[]" its "views" about marijuana, he never raised the possibility of expungement, much less how his sentencing range would change once it happened. Nor was there any mention of postponing his sentencing "pending state-court review of [his] prior convictions," which he now suggests was required. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173 (2020) (explaining that another way for a party to "bring[] [an objection] to the court's attention" is "[b]y 'informing the court' of the [alternative] 'action' he 'wishes [it] to take'" (quoting Fed. R. Crim. P. 51(b))). Raising the issue for the first time on appeal is typically too late.[2] *See Nunez-Hernandez*, 43 F.4th at 859; *United States v. Filker*, 972 F.2d 240, 241–42 (8th Cir. 1992).

---

[2]Although Phillips suggests that his attorney was ineffective for overlooking expungement, it is too *early* to raise an ineffective-assistance-of-counsel claim. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). The record is not "fully developed," the answer is not "readily apparent," and delay would not cause "a plain miscarriage of justice," so the claim will have to await "a separate motion under 28 U.S.C. § 2255." *Id.*

If it was, Phillips's burden would be high.  The sentencing decision must have not just been wrong, but "*clearly* or *obviously* wrong."  *Nunez-Hernandez*, 43 F.4th at 861 (emphasis added) (citation and brackets omitted).  Here, however, there are no clear answers about "whether [the] conviction[s] [were] properly included." *United States v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005) (quoting *United States v. Hines*, 133 F.3d 1360, 1363 (10th Cir. 1998)).  For one thing, the timing raises tricky questions about retroactivity.  For another, *why* Missouri went down the expungement route matters.  Some "expunged convictions" do "not count[]," U.S.S.G. § 4A1.2(j), like those based on "constitutional invalidity, innocence, or a mistake of law," *Townsend*, 408 F.3d at 1025.  Others do, when the reason is "permit[ting] . . . a clean start . . . [or] restor[ing] some civil rights."  *Id.*; *see id.* at 1024 (emphasizing that application of the Sentencing Guidelines is a matter of "[f]ederal law, not state law," so "[a] state's use of the term 'expunge' is not controlling" (quoting *Hines*, 133 F.3d at 1363)).  It is not "obvious" which box Phillips's convictions fit into, meaning any forfeited error could not have been "plain."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining that "reasonable dispute" precludes plain error).

Even if asking the court to change its "views" on marijuana preserved an expungement-related objection, the outcome would not change.  We would presume that the district court was aware of what he wanted and why, yet still decided to "impose the same sentence" anyway based on its "evaluation of the [18 U.S.C. §] 3553(a) factors."  Phillips had reoffended on parole and possessed nearly 20,000 "lethal doses" of fentanyl, so the district court thought "the aggravating factors . . . far outweigh[ed] the mitigating" ones.  In short, he was too dangerous for a shorter sentence.

This explanation leaves us with no doubt that the district court "would have alternatively imposed the same sentence even if a lower guideline range applied," just as it said. *United States v. Hamilton*, 929 F.3d 943, 948 (8th Cir. 2019) (citation omitted).  It also means that preserving the issue would have been of no help to

-4-

Phillips. If the district court was aware that he wanted credit for the impending expungements, then it would become one of the "objections . . . lodged in this case" that was known but had no effect on the 120-month sentence he received. *See United States v. Holmes*, 87 F.4th 910, 914 (8th Cir. 2023) ("[E]ven significant procedural error can be harmless." (citation omitted)). No matter what, in other words, Phillips cannot win.

III.

The federal-benefits ban is a different story. The challenge to it also comes too late, but it is the sort of unambiguous and prejudicial mistake that plain-error review can fix. *See Robinson v. Norling*, 25 F.4th 1061, 1062 (8th Cir. 2022) (recognizing that a forfeited argument "is not always lost"). There are three mandatory requirements: "(1) [an] 'error,' (2) that is 'plain,' and (3) that 'affect[ed] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

The first two do not pose a problem. The federal-benefits ban covers only "individual[s] who [are] convicted of any Federal or State offense consisting of the *distribution of controlled substances*." 21 U.S.C. § 862(a)(1)(C) (emphasis added). In short, drug distributors, not gun possessors.

As far as his federal conviction is concerned, Phillips only possessed a *firearm*, not drugs. *See United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020) (listing the elements of a felon-in-possession conviction). And even his prior Missouri marijuana convictions were for possessing drugs, *not* distributing them. For those reasons, applying the statute to him "depart[ed] so far from the text that it [wa]s clearly incorrect as a matter of law." *United States v. Lachowski*, 405 F.3d 696, 698–99 (8th Cir. 2005) (noting that a "lack of [controlling] precedent" on an issue "does not prevent a finding of plain error"); *see United States v. Gardner*, 32 F.4th 504, 533 (6th Cir. 2022) (holding that the statute *requires* a conviction with

"'actual distribution[]' or a completed delivery" (quoting *United States v. Williams*, 541 F.3d 1087, 1090 (11th Cir. 2008) (per curiam))); *United States v. Silva-De Hoyos*, 702 F.3d 843, 849 (5th Cir. 2012) (agreeing that a crime that "does not contain distribution as an element . . . is not a distribution offense under § 862(a)"); *United States v. Jacobs*, 579 F.3d 1198, 1199 (10th Cir. 2009) ("[Section] 862(a)[] reaches only those crimes that include distribution as an element.").

The effect on Phillips's substantial rights is just as easy to see. *See Olano*, 507 U.S. at 734. Going forward, he cannot receive "any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States." 21 U.S.C. § 862(d)(1)(A). Except for relying on a clearly inapplicable statute, the district court had no other avenue for imposing these restrictions. *Cf. id.* § 862(a)(1)(C) (making "a third or subsequent" drug-distribution conviction the only trigger). In plain-error terms, "the outcome of the proceeding would have been different," at least as far as the ban is concerned. *Greer v. United States*, 593 U.S. 503, 508 (2021) (citation omitted).

Now we must decide whether to correct the mistake, which depends on whether it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 520 U.S. at 467 (alteration in original) (quoting *Olano*, 507 U.S. at 732). Although not every mistake deserves fixing, *see Olano*, 507 U.S. at 737 (noting that automatic relief would make "the discretion afforded by Rule 52(b) . . . illusory"), this one does. Phillips already faces a lengthy prison sentence. Using a plainly inapplicable statute to pile lifelong professional and financial penalties on top would undermine the "integrity [and] public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 137 (2018) (quoting *Olano*, 507 U.S. at 736); *see id.* at 140 (suggesting that errors "based on . . . mistake[s] . . . by the Probation Office, which works on behalf of the District Court," are particularly damaging). Not to mention raise serious "fairness" concerns, *id.* at 137 (quoting *Olano*, 507 U.S. at 736), because no one else convicted of illegal

firearm possession faces the same punishment, *see* 21 U.S.C. § 862(a)–(b) (covering only drug traffickers and possessors).

Similar considerations also explain why Phillips can raise this issue despite an appeal waiver in his plea agreement. Regardless of its scope, "a defendant [still] has the right to appeal an illegal sentence." *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (en banc) (explaining that "we . . . refuse to enforce" appeal waivers if "do[ing] so would result in a miscarriage of justice"). And however "narrow" the illegal-sentence exception might be, it covers a sentence "not authorized by law," like the one here. *Id.* at 892 (citation omitted).

It also makes no difference that the 120-month prison term falls within the statutory maximum. *See* 18 U.S.C. § 924(a)(2) (2018); *see also United States v. Howard*, 27 F.4th 1367, 1370 (8th Cir. 2022) (noting that a "'sentence . . . within the statutory range' is not appealable . . . 'in the face of a valid appeal waiver'" (quoting *Andis*, 333 F.3d at 892)). Just because one statute authorizes part of a defendant's sentence does not mean the district court has free rein to impose other penalties "in excess of a[nother] statutory provision." *Andis*, 333 F.3d at 892 (citation omitted).

IV.

The final loose end is Phillips's suggestion that, as applied to him, the ban on possessing firearms as a felon violates the Second Amendment. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). Even if circuit precedent allowed an as-applied challenge in these circumstances, *but see United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024), his waiver of the argument by pleading guilty, *see United States v. Veasley*, 98 F.4th 906, 908 (8th Cir. 2024), would still stand in the way.

## V.

We accordingly vacate the federal-benefits ban, *see* 28 U.S.C. § 2106, but otherwise affirm the judgment of the district court.

_____