# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1518
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Byron Marshall

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 18, 2025
Filed: August 15, 2025
[Unpublished]
_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

This case is about grouping sex offenses at sentencing. *See* U.S.S.G. §§ 3D1.1, 2G1.3(d)(1). Although Anthony Marshall now argues that the district court[1] grouped his incorrectly, he waived the objection through counsel.

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Grouping can get complicated. The Sentencing Guidelines instruct district courts to "[g]roup the *counts* resulting in conviction into distinct [g]roups of [c]losely [r]elated [c]ounts." *Id.* § 3D1.1(a)(1) (emphasis added). When the convictions involve "[p]romoting . . . [p]rohibited [s]exual [c]onduct with a [m]inor," however, grouping is by *victim*, even if there is just a single count. *Id.* § 2G1.3(d)(1). Here, with Marshall enticing two minors to engage in illegal sexual activity, *see* 18 U.S.C. § 2422(b), the district court split a single count into two groups. It then added one more covering all four receipt-of-child-pornography counts, *see id.* § 2252(a)(2), creating a total of three. *See* U.S.S.G. § 3D1.4 (describing the effect on the offense level).

Marshall's position on appeal is that there should be only two groups, not three, because he enticed only one minor, not two. *See id.* § 2G1.3(d)(1). The problem is his own counsel took the opposite position at sentencing by agreeing with the district court that there should be three. Based on this concession, Marshall has waived any argument to the contrary. *See United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006) (noting that, if a defendant "acknowledg[es] that" a district court's decision is "correct," he "waive[s] his right to argue [it] on appeal"); *see also Robinson v. Norling*, 25 F.4th 1061, 1062 (8th Cir. 2022) ("When an argument has been waived . . . it is entirely unreviewable on appeal." (citation omitted)). We accordingly affirm the judgment of the district court.

_____