# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1552
_____

United States of America

*Plaintiff - Appellee*

v.

Shaninth Michael Ray

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: January 28, 2026
Filed: February 6, 2026
[Unpublished]
_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Shaninth Michael Ray appeals after he pled guilty to being a felon in possession of a firearm, and the district court[1] imposed an above-Guidelines-range

_____

[1]The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

sentence. In counseled and pro se briefs, Ray challenges the denial of his motion to dismiss the indictment. Counsel also argues that Ray's sentence was substantively unreasonable; and Ray challenges the constitutionality of the statute of conviction based on the Commerce Clause, seeks to suppress evidence, and requests dismissal of the indictment as based on the evidence he alleges should have been suppressed. Ray has also moved for appointment of new counsel and alleges he received ineffective assistance of counsel.

We conclude that the district court did not err in denying the motion to dismiss the indictment because Ray's facial and as-applied challenges to 18 U.S.C. § 922(g)(1) are foreclosed by binding Eighth Circuit precedent. *See United States v. Wilson*, 939 F.3d 929, 931 (8th Cir. 2019) (de novo review); *see also United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional . . . ."); *United States v. Jackson*, 110 F.4th 1120, 1125, 1129 (8th Cir. 2024) (concluding "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"). We further conclude that the district court did not impose an unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461–62, 464 (8th Cir. 2009) (en banc) (standard of review).

Turning to the remainder of Ray's pro se arguments, Ray's challenges to section 922(g)(1) based on the Commerce Clause fail under plain-error review. *See United States v. Nunez-Hernandez*, 43 F.4th 857, 859-61 (8th Cir. 2022) (reviewing constitutional challenge for plain error where it was raised for first time on appeal). This court has already determined that Congress did not exceed its authority under the Commerce Clause when it enacted section 922(g). *See United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011). Further, this court has concluded that the interstate-commerce element of section 922(g) is satisfied if there exists the minimal nexus that the firearms have been in interstate commerce, *see United States v. Bates*, 77 F.3d 1101, 1104 (8th Cir. 1996), and Ray confirmed at the change-of-plea hearing that the

firearm at issue traveled in interstate commerce by previously crossing a state line. Ray's argument for evidence suppression has been waived because he abandoned his suppression motion and entered an unconditional guilty plea, *see United States v. Pierre*, 870 F.3d 845, 848 (8th Cir. 2017) (valid guilty plea waives all suppression issues not expressly reserved by a conditional plea); his related challenge to the indictment thus necessarily fails, *cf. United States v. Turner*, 94 F.4th 739, 742 (8th Cir.), *cert. denied*, 145 S. Ct. 216 (2024) (valid guilty plea waives challenge to indictment).

To the extent Ray intended to raise an ineffective-assistance-of-counsel claim, we decline to consider it on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best raised in collateral proceedings where the record can be properly developed). We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, deny Ray's motion for appointment of new counsel, and affirm.

_____